(31 Misc. Rep. 359.)

### ACERS v. SCHEURER et al.

(Supreme Court, Trial Term, New York County. April, 1900.)

NEGLECT TO SERVE TRIAL NOTICE—STRIKING CAUSE FROM CALENDAR.

More than a year after the filing of a note of issue, and after service of notice by defendant to strike the cause from the calendar on the ground that no notice of trial had been served, plaintiff served a trial notice on defendant's attorney, which was retained by him. Beyond an adjournment of the hearing on the motion, there was nothing on record to show any disposition thereof; but upon plaintiff's filing a motion to restore the cause to the calendar, after three years, defendant submitted for signature an order striking the cause from the calendar on the ground that the former motion to strike had been sustained, and this was supported by the affidavit of the clerk. *Held*, that defendant's application should be denied.

Action by Allen Acers against Rose Scheurer and others. Motion to strike cause from calendar denied.

Jacob Levy, for motion.
Samuel D. Levy, opposed.

GILDERSLEEVE, J. The defendants' attorney, Mr. Jacob Levy, submits for signature a proposed order striking this cause from the calendar. It is his contention that some three years ago, to wit, on or about January 15, 1897, a motion was made to strike the cause from the calendar on the ground that no notice of trial had been served, and that said motion was granted, but no order entered thereon. The affidavit of the clerk of defendants' attorney is the only evidence presented of the granting of said motion, which affidavit was made several years after the alleged granting of the motion. On the other hand, it appears from the affidavit of Mr. Samuel D. Levy, the attorney for the plaintiff, that a note of issue was filed on December 18, 1895; that the cause appeared on the calendar on December 23, 1896, and was, by consent of both parties, marked, "Reserved generally;" that on January 12, 1897, plaintiff served notice of motion to restore the case to the calendar for trial; that thereupon,

and on January 13, 1897, defendants served notice of a counter motion to strike the cause from the calendar on the ground that no notice of trial had been served; that thereafter, but on the same day, to wit, January 13, 1897, plaintiff served a notice of trial on defendants' attorney, who retained the same, and that said notice of trial has never been returned; that on January 15, 1897, the return day of the motion to strike the cause from the calendar, plaintiff's attorney attended in court, but said motion was not called, and no action taken thereon. It further appears that on or about April 25, 1900, the plaintiff served notice of another motion to restore the cause to the calendar for trial, and that thereupon the defendants' attorney made this application for an order on said motion of January 15, 1897, striking the cause from the calendar. It appears, however, on the original notice of this said motion, that the court adjourned the same from January 15, 1897, to January 22, 1897; but, beyond the above-mentioned affidavit of the clerk of defendants' attorney, there is nothing to indicate that the motion was granted, nor is there anything to show that plaintiff's attorney had any notice of the said adjournment. It is a well-accepted rule that the notice of trial must be served for the same term of court for which the note of issue is filed, and consequently the notice of trial that was served on January 13, 1897, was irregular, inasmuch as the note of issue was filed on December 18, 1895. This irregularity, however, was waived by the undisputed retention of the said notice by the defendants' attorney. It is true that defendants claim that the motion to strike from the calendar has already been granted, and is res adjudicata. This, however, is a disputed question of fact, while the gross laches of the defendants in entering the order, assuming the motion was granted, militate strongly against them. I am of opinion, under the circumstances, that this application should be denied. No costs.

Application denied. No costs.